Afzal v Malik (2021 NY Slip Op 50646(U))

[*1]

Afzal v Malik

2021 NY Slip Op 50646(U) [72 Misc 3d 132(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1610 K C

Rehanna Afzal, Respondent,
against
Muhammad Khurm Malik, Appellant. 

Harvey A. Herbert of counsel, for appellant.
Rehanna Afzal, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lizette
Colon, J.), entered March 18, 2019. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $7,397.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for a new trial.
In this action commenced by endorsed complaint, plaintiff seeks to recover $10,000 based on
sums she claims to have loaned to or expended on behalf of defendant, which defendant
promised, but failed, to pay back. Following a nonjury trial, the Civil Court awarded plaintiff the
principal sum of $7,397.
Defendant argues that the court admitted into evidence and relied upon various documents
for the truth of the matters asserted therein without sufficient foundation, and that those
documents were inadmissible hearsay. Based on the record before us, it is not clear that the court
actually admitted any of the documents presented at trial. Plaintiff did not seek to move any
document into evidence and the court did not state that any document was being admitted into
evidence. However, the court appeared to rely on the documents presented by plaintiff. As it is
not clear from the record that defendant was given an appropriate opportunity to object to
plaintiff's purported exhibits, or that a sufficient foundation was laid for any of those exhibits, we
find that a new trial is warranted.
Moreover, as defendant further argues, the Civil Court failed to "state the facts it deems
essential" (CPLR 4213 [b]), and it cannot be determined how the Civil Court arrived at the total
[*2]of $7,397 in damages.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new
trial.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021